FILED ELECTRONICALLY

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON
CIVIL ACTION NO. 6:17-CV-00084-DLB

AMANDA HOSKINS and
JONATHAN TAYLOR
    Plaintiffs,

VS.

KNOX COUNTY, CITY OF BARBOURVILLE,
BARBOURVILLE POLICE OFFICER in his individual
capacity, MIKE BROUGHTON, KNOX COUNTY
SHERIFF'S DEPARTMENT OFFICERS in their
individual capacity, JOHN PICKARD, DEREK
EUBANKS, KENTUCKY STATE POLICE
OFFICERS in their individual capacity, JASON YORK,
BRIAN JOHNSON, MARK MEFFORD, DALLAS EUBANKS,
KELLY FARRIS, JACKIE PICKRELL
and JASON BUNCH

    Defendants.

## ANSWER

Comes now the Defendant Jason York, by and through counsel, the Defendant hereby submits his Answer to the Plaintiffs' Complaint.

### FIRST DEFENSE

The Complaint fails to state a claim against Defendant upon which relief may be granted and the claims against Defendant must be dismissed with prejudice.

## SECOND DEFENSE

In response to the specific allegations of the Plaintiffs' Complaint, Defendant pleads as follows:

1. The Defendant admits the allegations contained in paragraphs 17, 20, 74, 75, 98, 101, 119, 122, 129, 131, and 150 of the Complaint to the extent that these allegations do not contain conclusions or interpretations of law.

2. The Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraphs: 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 18, 19, 21, 35, 42, 85, 138, 145, 146, 147, 148, 153, 160, 164, 165, 172, 173, 174, 175, 176, 177, 178, 179, 180, 181, 182, 187, 191, 196, 197, and 198.

3. The Defendant denies the allegations contained in the following paragraphs of the Complaint: 1, 2, 3, 4, 5, 22, 23, 24, 25, 26, 27, 29, 30, 31, 34, 36, 38, 40, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 76, 77, 78, 79, 80, 81, 82, 83, 84, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 99, 100, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 120, 121, 123, 124, 125, 126, 127, 130, 132, 133, 134, 135, 136, 137, 139, 140, 141, 142, 143, 144, 149, 151, 152, 154, 155, 156, 157, 158, 159, 161, 162, 163, 166, 167, 168, 169, 170, 171, 183, 184, 185, 186, 188, 189, 190, 192, 193, 194, and 195.

4. The Defendant denies the allegations as stated in the following paragraphs of the Complaint: 39 and 41.

5. In regard to paragraph 28, the Defendant admits that on December 24, 2010, Mr. Simpson provided Defendant a sticky note, but denies the remainder of paragraph 28.

6. In regard to paragraph 32, the Defendant admits that on January 21, 2011, Defendant transported Mr. Helton and Mr. Lawson to Frankfort, Kentucky. While in Frankfort, Kentucky, Mr. Helton and Mr. Lawson underwent polygraph examinations, but Defendant is without knowledge or has insufficient information to form a belief as to the truth of the allegations contained within the remainder of paragraph 32 and therefore denies the same.

7. In regard to paragraph 33, the Defendant admits that Mr. Helton was interviewed about his involvement in the murder of Ms. Mills and that Mr. Helton denied involvement in the murder, but is without sufficient knowledge to determine if the questioning was "at length".

8. In regard to paragraph 37, the Defendant admits that Mr. Lawson was interviewed about his involvement in the murder of Ms. Mills, but is without knowledge or has insufficient information to form a belief as to the truth of the allegations contained within the remainder of paragraph 37 and therefore denies the same.

9. As to paragraph 128 of the Complaint, the Defendant admits that the Prosecutor filed a motion to dismiss the charges pending against Mr. Taylor, but is without sufficient knowledge to determine if the motion was "lengthy".

10. Defendant denies each and every remaining allegation of the Amended Complaint not specifically admitted herein.

**THIRD DEFENSE**

Plaintiffs' Complaint may be barred by the applicable statute of limitations.

**FOURTH DEFENSE**

Plaintiffs' Complaint may be barred by insufficiency of process and insufficiency of service of process.

**FIFTH DEFENSE**

At the time of and on the occasion complained of in the Amended Complaint, Plaintiffs may have been negligent, which negligence was a substantial factor in causing his/her injuries, if any there are, and said negligence constitutes a bar either in whole or in part to the Plaintiffs' Complaint.

**SIXTH DEFENSE**

The damages about which Plaintiffs complain, if any there were, may have been caused or brought about or may have been the proximate result of conduct on the part of other persons not parties to this lawsuit, all without negligence or fault on the part of Defendant.

**SEVENTH DEFENSE**

The damages about which Plaintiffs complain, if any there were, may have been caused or brought about by an intervening or superseding cause not under the control of Defendant, and Defendant relies upon same as a bar to the Plaintiffs' Complaint.

**EIGHTH DEFENSE**

At the time of and on the occasion referred to in the Amended Complaint, Plaintiffs' injuries and/or damages, if any, were caused and brought about by the sole, primary, and active conduct of other persons or parties (including the Plaintiffs themselves), without any fault on the part of the Defendant, and but for which said accident would not have occurred, and Defendant pleads and relies upon same as a bar, in whole, to the claims of the Plaintiffs.

**NINTH DEFENSE**

The injuries and damages complained of by Plaintiffs, if any, may have been caused by the acts of Unknown Defendants and/or Unknown Third Persons over which Defendant had no control, which acts to serve as a bar, either in whole or in part, to the claims of the Plaintiffs.

**TENTH DEFENSE**

Plaintiffs' Complaint against Defendant is barred as the incident and damages complained of were unavoidable on the part of Defendant.

**ELEVENTH DEFENSE**

The Complaint may fail to name necessary and indispensable parties without which full and complete relief cannot be accorded, and the Complaint should be dismissed.

**TWELFTH DEFENSE**

Plaintiffs' Complaint in whole or in part may be barred as they may not be the real party in interest.

**THIRTEENTH DEFENSE**

Plaintiffs caused and also may have failed to mitigate any and all of their alleged damages and/or aggravated same by their own actions or inactions, which bars in whole or in part their claim for damages.

**FOURTEENTH DEFENSE**

The Complaint is barred by the absolute, qualified, official and/or qualified official immunity of the Defendant and also good faith immunity and/or absolute immunity and all other state and federal immunities that may be applicable to him.

**FIFTEENTH DEFENSE**

The Defendant acted in conformity with all applicable statutes, regulations, ordinances, common law, and in conformity with the Constitutions of the United States and the Commonwealth of Kentucky.

**SIXTEENTH DEFENSE**

Part and/or all of Plaintiffs' claims may be barred by sovereign and/or governmental immunity, by statute, such as but not solely limited to KRS Chapter 65, and/or the immunity set

forth under the Eleventh Amendment to the United States Constitution.

## SEVENTEENTH DEFENSE

At all times relevant hereto, Defendant acted reasonably, properly, in good faith, in accordance with law, without wrongful intent or malice, with proper justification and in the exercise of reasonable professional judgment, including but not necessarily limited to Defendant's actions with respect to his employment, duties and/or responsibilities as a sworn law enforcement officer of Kentucky State Police, or otherwise with respect to Plaintiffs herein.

## EIGHTEENTH DEFENSE

In the event Defendant is found liable for any loss, damage, or injury sustained by Plaintiffs, and such loss, damage, or injury was due in whole or in part to the actions, omissions or failures of others, including other party(ies) to this lawsuit and also non-parties and the Plaintiffs themselves, then Plaintiffs' recovery against the Defendant should be reduced in whole or in part by reason of the doctrines of comparative and/or superseding fault.

## NINETEENTH DEFENSE

Defendant provisionally pleads the affirmative defenses of FRCP 8 and FRCP 12, as if fully restated herein and to the extent not already expressly stated herein, with the applicability thereof, if any, to be determined during discovery with amendment to pleadings accordingly.

## TWENTIETH DEFENSE

As further affirmative defenses, this answering Defendant relies upon the doctrines of estoppel, waiver, good faith, lack of malice, Public Duty Doctrine and laches and any affirmative defense listed in Fed. Rule Civil Proc. 8(c)(1)(2).

## TWENTY-FIRST DEFENSE

At all times mentioned in the Complaint, Defendant acted with probable cause and exercised a reasonable belief as to the necessity of their actions and were justified in taking their actions which acts as a complete bar to Plaintiffs' Complaint.

## TWENTY-SECOND DEFENSE

The Defendant may not be held responsible for actions taken by others or caused by the Plaintiffs or others in whole or in part and from whom contribution, indemnity and/or comparative fault may be due.

## TWENTY-THIRD DEFENSE

The claims of the Plaintiffs for punitive damages should be dismissed because an award of punitive damages under Kentucky law, which is not subject to a pre-determined limit on the amount of punitive damages that a jury may impose, would violate Kentucky's due process rights guaranteed by the Constitution of the Commonwealth of Kentucky and violate the excessive fines provision of Section 17 of the Constitution of the Commonwealth of Kentucky.

## TWENTY-FOURTH DEFENSE

The Plaintiffs' claim for punitive damages against Defendant should be dismissed as being in violation of the United States Constitution, including but not limited to the Fifth and Eighth Amendments, as applied to the States through the Fourteenth Amendment of the United States Constitution.

## TWENTY-FIFTH DEFENSE

The Plaintiffs' Complaint for punitive damages against Defendant should be dismissed as being in violation of the Constitution of the Commonwealth of Kentucky, including but not limited to Articles 2, 17 and 26.

## TWENTY-SIXTH DEFENSE

Defendant states that the claim of the Plaintiffs for punitive damages against Defendant under the law of Kentucky is not permitted without proof of each and every element beyond a reasonable doubt, and as such violates the Defendant's due process rights under the Fourteenth Amendment of the United States Constitution and the due process provisions of the Constitution of the Commonwealth of Kentucky.

## TWENTY-SEVENTH DEFENSE

Defendant states that the claim of the Plaintiffs for punitive damages should be dismissed because any award of punitive damages under the law of the Commonwealth of Kentucky without the same protections that are accorded to all criminal defendants, including but not limited to, protection against unreasonable searches and seizures, double jeopardy, self-incrimination, the right to confront adverse witnesses, speedy trial and the effective assistance of counsel, would violate Defendant's rights under the Fourteenth Amendment to the United States Constitution and the Fourth, Fifth and Sixth Amendments as incorporated into the Fourteenth Amendment in Sections 2, 3, 7, 10, 11, 12, 13, 14, 17, and 26 of the Constitution of the Commonwealth of Kentucky.

## TWENTY-EIGHTH DEFENSE

The claim of the Plaintiffs for punitive damages against the Defendant should be dismissed because any award of punitive damages under Kentucky law without bifurcating the trial and trying all punitive damage issues separately, if and only if liability on the merits has been found, would violate Kentucky's due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and the due process provisions of the Constitution of the Commonwealth of Kentucky.

**THIRTIETH DEFENSE**

Defendant reserves the right to raise any other affirmative defense that may become known in the course of discovery.

**WHEREFORE**, Defendant prays for dismissal of Plaintiffs' Complaint and the claims stated therein, with prejudice and at Plaintiffs' cost; and for any and all other relief to which Defendant may be entitled, including, but not limited to, reasonable attorney fees, costs and trial by jury.

Respectfully submitted,

*s/* L. Scott Miller
Charles D. Cole
Derrick T. Wright
L. Scott Miller
Sturgill, Turner, Barker & Moloney, PLLC
333 W. Vine Street, Suite 1400
Lexington, Kentucky 40507
(859) 255-8581—Telephone
(859) 231-0851—Fax
ccole@sturgillturner.com
dwright@sturgillturner.com
smiller@sturgillturner.com
ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2018, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send notice to the following:

| | |
|---|---|
| Arthur Loevy | loevylaw@loevy.com |
| Jon Loevy | jon@loevy.com |
| Michael Kanovitz | mike@loevy.com |
| Elliot Slosar | elliot@loevy.com |
| Amy Robinson Staples | amy@loevy.com |
| ATTORNEYS FOR PLAINTIFFS | |
| | |
| Shawna V. Kincer | shawna.kincer@ky.gov |
| Cody Weber | cody.weber@ky.gov |
| Matthew J. Johnson | mattj.johnson@ky.gov |
| ATTORNEY FOR DEFENDANTS | |

BRIAN JOHNSON, JACKIE PICKRELL
MARK MEFFORD, KELLY FARRIS, and
DALLAS EUBANKS
Kentucky State Police Officers in their
Individual Capacity

| | |
|---|---|
| Jason E. Williams | jewilliamslaw@windstream.net |
| John F. Kelley, Jr. | john@wftlaw.com |
| COUNSEL FOR KNOX COUNTY, KENTUCKY; JOHN PICKARD AND DEREK EUBANKS | |

| | |
|---|---|
| Licha H. Farah , Jr. | lfarah@whtlaw.com |
| Nicole L. Antolic | Nicole.antolic@whtlaw.com |
| Alexandra Deaton DeMoss-Campbell | Alexandra.demoss-campbell@whtlaw.com |
| COUNSEL FOR CITY OF BARBOURVILLE AND MIKE BROUGHTON | |

| | |
|---|---|
| Christian Matthew Feltner, Esq. | mattfeltner@msn.com |
| ATTORNEY FOR DEFENDANTS DALLAS EUBANKS & JASON BUNCH | |

                                                    *s/*__L. Scott Miller_____
                                                    COUNSEL FOR DEFENDANT

x:\wdox\clients\64872\0006\pleading\00815677.docx