# KENTUCKY BAR ASSOCIATION
## Ethics Opinion KBA E-289
Issued: September 1984

> *This opinion was decided under the Code of Professional Responsibility, which was in effect from 1971 to 1990. Lawyers should consult the current version of the Rules of Professional Conduct and Comments, SCR 3.130 (available at http://www.kybar.org), before relying on this opinion.*

**Question 1:** May an attorney suggest that a client secretly record phone conversations with other persons, including other parties where the client is one party to the conversation regarding a civil matter?

**Answer 1:** No

**Question 2:** If a client inquires of his attorney whether it is legal to secretly record phone conversations, then may an attorney advise him of the law, and if it is legal, can the attorney then allow his client to proceed with the recordings?

**Answer 2:** Qualified yes.

**References:** KBA E-279; ABA Formal Opinion 337; Code of Professional Responsibility; Canons 1, 4, 7 and 9; Disciplinary Rule 1-102(A)(4); Ethical Considerations 1-5, 4-4, 4-5, 7-1, 9-2 and 9-6; Opinion No. 80-95, Bar Association of the City of New York; Disciplinary Rule 1-102(A)(2); ABA Informal Opinion 1320; Opinion No. 515, New York State Bar Association; DR 7-101(A); EC 7-8.

## OPINION

In KBA E-279 the Committee stated:

> ...where (a) lawyer is not representing a client in a criminal case and is not conversing with a witness in that proceeding, then the recording of (a) conversation without the consent of all parties would be deemed a breach of the Canons of Ethics (specifically 1, 4, 7, and 9, DR 1-102(A)(4), and ECs 1-5, 4-4, 4-5, 7-1, 9-2 and 9-6).

> However, when the attorney is representing a person accused in a criminal case it may be proper for him to secretly record conversations with witnesses in that proceeding.



KBA E-279 relied upon Opinion No. 80-95 of the Committee on Professional and Judicial Ethics of the Bar Association of the City of New York, which rejected the across-the-board ban on recording obtained in ABA Formal Opinion 337, in favor of a narrow exception permitting criminal defense lawyers to record conversations with witnesses. Both KBA E-279 and Opinion No. 80-95 do prohibit an attorney's secret recording of conversations with clients in civil and criminal contexts, and witnesses and others in civil contexts. The questions submitted are a natural outgrowth of KBA E-279.

With regard to Question 1, the ABA's standing committee recently held in an informal opinion that a recording, at the instance of a lawyer, of a conversation between an investigator and a sales clerk, when the investigator knows that the recording is being made but the clerk does not, would constitute unethical conduct by the lawyer. ABA Informal Opinion 1320 (1975). This opinion was rendered in a request for clarification of ABA Formal Opinion 337, and the analysis as not elaborate. The essence of the opinion was that this was still the lawyer's conduct, in violation of the Code provisions, as interpreted by ABA Formal Opinion 337.

Pertinent to ABA Informal Opinion 1320 is DR 1-102(A) which provides:

(A) A lawyer shall not:
    2) Circumvent a Disciplinary Rule through actions of another.

The FCC regulations are applicable only if telephones are used. Moreover, the failure of a person to use the tone warning device is not criminal, although it subjects one to lose his telephone service. *See* T. Morgan and R. Rotunda, Problems and Materials on Professional Responsibility 172, n.1(3d ed. 1984). In addition, the following cases have held that the law of evidence does not prohibit the introduction of tapes obtained in violation of the FCC tariffs. Battaglia v. United States, 349 F.2d 556 (9th Cir. 1965), cert. denied 382 U.S. 955, 86 S.Ct. 430, 15 L. Ed. 2d 360 (1965).

The Kentucky Eavesdropping Statute does not prohibit recording of wire or oral communications of others with consent of at least one party thereto. KRS 526.010 (1974).

Opinion 515 continued as follows:

> DR 7-101(A) mandates that counsel should not fail to seek the lawful objectives of his client through reasonably available means permitted by law and the Disciplinary Rules, subject to certain exceptions.
> There do not appear to be Constitutional prohibitions against monitoring conversations where one party consents. Greenawalt, "The Consent Problems in Wiretapping & Eavesdropping: Surreptitious Monitoring with the Consent of a Participant in a Conversation", 68 Col. L. Rev. 189, 203 (1968). Apart from the FCC policy requiring the use of an automatic tone warning device in interstate and international calls, which has been adopted by most states, neither Congress nor the New York legislature has acted to prohibit party monitoring.

In N.Y. State 455 (1976) we said, "where the lawyer does no more than advise his client concerning the legal character and consequences of the act, there can be no professional impropriety. That is his proper function and fully comports with the requirements of Canon 7."

But counsel asked to advise concerning the legality of participant monitoring is not limited to restating the law; counsel can, of course, explain to the client whether in the particular context such monitoring is appropriate, having regard to its purpose, the parties involved, the time and place, the extent and nature of the conversation likely to be recorded, possible harmful social consequences and other pertinent considerations. If, for example, the client's purpose is to record a conversation with an employee who previously confessed to wrong doing in order to gather incriminating evidence in convincing form, counsel may urge on the client that such conduct, although legal, might be unfair and might, indeed, infringe on the employee's rights.

As EC 7-8 states, "Advice of a lawyer to his client need not be confined to purely legal considerations ... .In assisting his client to reach a proper decision, it is often desirable for a lawyer to point out those factors which may lead to a decision that is morally just as well as legally permissible " Each situation should be considered on its own merits, weighing the contribution to social good (such as obtaining authoritative evidence of wrong-doing) against the danger to privacy of communications.
(N.Y.S.B.J. at 164.)

---

### Note to Reader
*This ethics opinion has been formally adopted by the Board of Governors of the Kentucky Bar Association under the provisions of Kentucky Supreme Court Rule 3.530 (or its predecessor rule). The Rule provides that formal opinions are advisory only.*