## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## SOUTHERN DIVISION at LONDON

**AMANDA HOSKINS**
**and JONATHAN TAYLOR**                                                    **PLAINTIFFS**


v.                                                    CIVIL ACTION NO. 6:17-cv-00084-REW-HAI


**KNOX COUNTY, et al.**                                                    **DEFENDANTS**

---

### KENTUCKY STATE POLICE DEFENDANTS' MOTION FOR RELIEF
### FROM PLAINTIFFS' COUNSEL'S EXTRAJUDICIAL STATEMENTS
### THAT ARE PREJUDICIAL AND MISLEADING

---

Come the Defendants, Kentucky State Police Trooper Kelly Farris, Trooper Dallas Eubanks, Trooper/Detective Bryan Johnson, Trooper/Detective Mark Mefford, and Lieutenant Jackie Joseph (formerly Pickrell), in their individual capacities ("KSP Defendants"), in their individual capacities, by counsel, and move the Court for relief from Plaintiffs' counsel's statements at a December 17, 2019 press conference and in Plaintiffs' counsel's firm's December 16, 2019 press release that are prejudicial and misleading. As grounds for this motion, the KSP Defendants state as follows:

### I. BACKGROUND

On December 6, 2019, former Kentucky Governor Matt Bevin pardoned Patrick Baker, a client of Elliot Slosar and the law firm, Loevy & Loevy.[1] In response to various

---

[1]    http://apps.sos.ky.gov/Executive/Journal/execjournalimages/2019-MISC-2019-1272-264381.pdf; Patrick Baker 12-17-2019 press conference, available at https://youtu.be/Uz1aCzY2Jrs.

newspaper articles questioning the pardon due to the Baker family's campaign contributions, Mr. Slosar's law firm issued a press release, and Mr. Slosar held a press conference on behalf of Mr. Baker. In both instances, Mr. Slosar and/or his firm made prejudicial and misleading statements about the KSP Defendants, particularly Det. Johnson (who was the lead detective in Patrick Baker's criminal investigation) and Sgt. York (who had minor participation in the Baker criminal investigation), and made prejudicial and misleading statements about the two pending lawsuits against the KSP Defendants: *Hoskins & Taylor v. Knox Co., et al.*, No. 6:17-cv-84-REW-HAI (E.D. Ky.) (hereinafter "Hoskins & Taylor case"), and *Anderson v. Knox Co., et al.*, No. 6:17-cv-133-KKC (E.D. Ky.) (hereinafter "Anderson case").

Mr. Slosar's law firm issued a press release on December 16, 2019, stating that:

> Kentucky State Police officers who wrongly fingered Baker for murder have long histories of alleged misconduct
>
> …
>
> 4. The two Kentucky State Police officers who led the investigation against Mr. Baker have well-documented track records of misconduct.
>
> 5. As a result of this misconduct, KSP Officers Bryan Johnson and Jason York are currently facing two separate federal lawsuits – Hoskins, et al. v. Knox County, et al. (17-CV-84) and Anderson v. Knox County, et al. (17-CV-133). These suits accuse Johnson and York, amongst others, of framing four innocent people in two separate investigations of murders they did not commit. In those cases, these officers are accused of coercing witnesses, fabricating statements, and destroying evidence.
>
> …

> In spite of the pending lawsuits and their admissions made of misconduct while under oath, both Johnson and York are still employed by Kentucky State Police.
>
> "Given this systemic misconduct, the Baker family joins the call for an investigation into Officers Johnson and York," said Slosar.

December 16, 2019 Loevy & Loevy press release, available at https://loevy.com/blog/why-patrick-baker-an-innocent-man-deserved-a-pardon-by-kentucky-gov-bevin/.

On December 17, 2019, Mr. Slosar held a press conference about the allegations that Mr. Baker's family paid for his pardon with a fundraiser for former Governor Bevin. At the press conference, Mr. Slosar identified Bryan Johnson and Jason York as Kentucky State Police officers involved in the investigation of Mr. Baker and identified them as defendants in two other lawsuits filed by Mr. Slosar's firm.

Mr. Slosar's message during the press conference was that his clients (Hoskins, Taylor, and Anderson) are currently pursuing claims of civil rights violations against these officers because these officers framed innocent people for murder, should be charged with violating civil rights, and should be criminally charged for perjury and obstruction of justice. Patrick Baker 12-17-2019 press conference, available at https://youtu.be/Uz1aCzY2Jrs, at 4:01 – 5:10 (identifying Jason York and Bryan Johnson as KSP officers sued in Hoskins & Taylor and Anderson cases for "framing innocent people for murder"), 5:59 – 6:13 ("whether these officers should be charged with not only violating the constitutional rights of citizens in the state but whether they should be criminally charged for committing perjury and obstruction of justice"), 7:54 - 7:59

3

("officers who framed Patrick, whether they should be criminally prosecuted"), 8:38 – 8:43 ("Mr. Johnson from KSP was the lead detective on Patrick's case"), 11:18 – 11:25 ("Mr. York was one of the detectives who was investigating Patrick Baker's case"), 18:19 – 18:29 ("to see whether these officer should be criminally charged with violating the laws of Kentucky and the constitutional rights of citizens"), 28:49 – 28:56 ("pick up the phone every day and I would call and ask for a criminal prosecution of police officers"), 38:44 – 39:03 (indicating that those "wrongfully convicted" would prefer to see the police officers criminally prosecuted rather than get monetary compensation).

In addition to the prejudice created by these extrajudicial comments, the comments are also misleading since Plaintiffs in the Hoskins & Taylor case stated in their July 2019 summary judgment response that they voluntarily dismiss four KSP officers, including Det. Bryan Johnson, as parties. (*Hoskins & Taylor v. Knox Co., et al.*, No. 6:17-cv-84-REW-HAI (E.D. Ky.), DN 195 at pg. 118 of 230 n. 2 (summary judgment motions currently pending)).

Mr. Slosar also repeatedly stated in the press conference that Bryan Johnson and Jason York engaged in misconduct and indicated that they should be fired. Patrick Baker 12-17-2019 press conference, available at https://youtu.be/Uz1aCzY2Jrs, at 8:09 - 8:11 ("those officers today they are still members of the Kentucky State Police"), 9:05 – 9:11 ("what they should really be looking at is whether the people with badges in this state should really have those badges"), 11:48 – 11:56 ("Now why these police officers continue to be employed is a question that only the former Commissioner Rick Sanders can answer"), 15:35 – 15:43 ("those KSP officers should have never been in a position to have

Mr. Baker wrongfully convicted"), 16:18 – 16:26 ("these police officers that have been sued repeatedly should not have a badge"), 17:58 – 18:16 (calling for Attorney General "to conduct an investigation into members of the Kentucky State Police, specifically the ones that have been sued in the cases that we've cited"), 19:19 – 19:33 ("Mr. York and Mr. Johnson are still members of the Kentucky State Police. They haven't been fired."), 22:00 – 22:10 ("but I also say that we are uncovering in these other federal lawsuits evidence of additional misconduct every day"), 26:24 – 26:31 ("hopefully that Commissioner will look deep into things and get rid of police officers that shouldn't be there"). Mr. Slosar called for Det. Johnson's and Sgt. York's firing no less than eight times during the 40+ minute press conference on December 17, 2019.

Mr. Slosar also played and discussed a portion of Jason York's interrogation of witness, Dave Fox, from the criminal investigation underlying the Anderson case. Patrick Baker 12-17-2019 press conference, available at https://youtu.be/Uz1aCzY2Jrs, at 9:40 - 11:18. This interrogation is part of Mr. Anderson's claims against the KSP Defendants in the Anderson case and has also been extensively incorporated and argued in the Plaintiffs' summary judgment response in the Hoskins & Taylor case. (*Hoskins & Taylor v. Knox Co., et al.*, No. 6:17-cv-84-REW-HAI (E.D. Ky.), DN 195 at 77-87, 191, 204-208; the pages specifically about the Dave Fox interrogation are DN 195 at 82-85, 93 ¶278, 186-187, 206). Also, the recording of the interrogation more than likely will be proffered as evidence if the cases go to trial.

In addition to Mr. Slosar's comments discussed above, Mr. Slosar also made comments about the prosecutor in the Hoskins & Taylor case: "Jackie Steele, the

Commonwealth Attorney from Knox County, he knew about this but he knew about some other things too." Patrick Baker 12-17-2019 press conference, available at https://youtu.be/Uz1aCzY2Jrs, at 3:47 – 3:54. "Jackie Steele … is not an impartial prosecutor that should be responsible for investigating these police officers." *Id.* at 23:16 – 23:29. "I think that you know that I'm not going to call Jackie Steele a crooked prosecutor. . . What I would say is that he got it wrong in this case." *Id.* at 23:42 – 23:50. Jackie Steele was deposed in the Hoskins & Taylor case and more than likely will be a witness if the case goes to trial.

Mr. Slosar also made comments indicating overall agency and police corruption:

> [T]here were conversations in the Justice Cabinet and with former Commissioner of the Kentucky State Police, Rick Sanders, about whether these officers who framed Patrick, whether they should be criminally prosecuted. And I think you'll find some interesting stuff from Mr. Tilley and Mr. Sanders and what efforts they took to stop a criminal prosecution.

*Id.* at 7:44 – 8:09.

> So that nobody else in Knox County, and Laurel County, and Harlan County, and all those counties under [KSP] Post 10 and Post 11, so that none of those victims' families get revictimized by having a false belief that somebody was rightfully convicted and the real murderer was left to roam the streets. And that is exactly what has repeatedly happened, including here and including these other homicide investigations.

*Id.* at 18:40 – 19:06.  "I do think there was some destruction of evidence that happened prior to the original trial that the judge actually found to be in bad faith by the Kentucky

State Police officers. There were some issues on that around appeal." *Id.* at 20:38 – 20:51.[2]

"That's something that an attorney general here should look into so that members of the Kentucky State Police that are doing these types of things do not put people … in a position where they could be wrongfully convicted." *Id.* at 26:05 – 26:07. "It's a much more broad problem than just these two officers. . . . Kentucky State Police … is an organization that needs to have a complete restructuring." *Id.* at 26:09 – 26:22. "But what we're doing through these lawsuits is trying to expose misconduct that nobody's ever really learned about before with regard to KSP." *Id.* at 29:10 – 29:20.

Patrick Baker's pardon and the press conference, including prejudicial and misleading comments, were reported on in December 2019, by numerous local, state, and national media outlets, including the Courier-Journal, the Mountain Advocate, the Richmond Register, the Times Tribune, USA Today, WAVE3, WDRB, WKYT, WLKY, and WYMT.[3]

---

[2] The words of the Kentucky Court of Appeals suggest otherwise: "It is undisputed the phone was seized from Baker's person at his arrest, the Commonwealth attempted to conduct a forensic examination of the contents of the phone, and the attempted data extraction resulted in a complete loss of data contained on the phone." *Baker v. Commonwealth*, No. 2018-CA-000072-MR, 2018 WL 6721295, at *1 (Ky. App., Dec. 21, 2018), review denied (Oct. 24, 2019).

[3]    https://www.courier-journal.com/story/news/politics/2019/12/20/bevin-pardons-ex-state-police-commissioner-said-patrick-baker-guilty/2695222001/;
https://www.nolangroupmedia.com/mountain_advocate/baker-attorneys-declare-client-s-innocence-cite-alleged-misconduct/article_e1fae716-2046-11ea-9cd1-bbf09f000064.html;
https://www.richmondregister.com/news/police-courts/patrick-baker-argues-his-innocence/article_337e414f-c377-5a7c-85f7-567574b89f5b.html;
https://www.thetimestribune.com/news/local_news/attorney-says-dna-evidence-exonerates-baker/article_b7ed44b7-a3e3-572c-9485-2eb463410c23.html;

In an effort to remedy any prejudice, to curb any future prejudice, and to obtain relief from statements already made, the KSP Defendants seek relief through this motion.

## II. ARGUMENT

The Court has the power to control counsel's divulgence of inaccurate information and to "maintain appropriate decorum in the administration of justice and protect the rights of litigants from prejudice." *Sheppard v. Maxwell*, 384 U.S. 333, 359-362, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966); *Affeldt v. Carr*, 628 F.Supp. 1097, 1101 (N.D. Ohio 1985). "Every trial judge is charged with the primary responsibility of ensuring that the judicial proceedings over which he presides are carried out with decorum and dispatch and thus has very broad discretion in ordering the day-to-day activities of his court." *CBS, Inc. v. Young*, 522 F.2d 234, 241 (6th Cir. 1975). Courts can even enter gag orders for attorneys' speech: "the speech of lawyers representing clients in pending cases may be regulated under a less demanding standard than that established for regulation of the press." *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1074, 111 S.Ct. 2720, 115 L.Ed.2d 888 (1991). There, a "substantial

---

https://www.usatoday.com/story/news/nation/2019/12/17/gop-mega-donor-terry-forcht-urged-bevin-pardon-convicted-killer/2680548001/;

https://www.wave3.com/2019/12/16/patrick-baker-pardon-was-never-paid-by-my-family/;

https://www.wdrb.com/in-depth/man-pardoned-by-matt-bevin-says-my-family-did-not/article_e9725f2c-2011-11ea-8534-9b79c55c7381.html;

https://www.wlky.com/article/killer-pardoned-amid-controversy-calls-bevins-actions-courageous/30262043;

https://www.wymt.com/content/news/Man-pardoned-of-murder-conviction-claims-he-was-framed-by-KSP-566289691.html.

likelihood of material prejudice" standard can be used in lieu of the "clear and present danger" standard. *Id.* at 1075.

Although not admitted to practice in Kentucky, Mr. Slosar has been granted permission to practice in this particular case under LR 83.2, which under 83.2(a)(3) requires him to consent to the rules of the Kentucky Supreme Court governing professional conduct. (*Anderson v. Knox Co., et al.*, No. 6:17-cv-133-KKC (E.D. Ky.),  DN 4, 5; *Hoskins & Taylor v. Knox Co., et al.*, No. 6:17-cv-84-REW-HAI (E.D. Ky.), DN 4, 10). These rules operate as a general restraint on counsel's speech and are imposed in every case. These rules subject attorneys to a special responsibility to ensure that their extrajudicial statements do not threaten the fair administration of justice. The specific rules at interest here prohibit lawyers from making prejudicial or misleading statements to the press.

Attorneys are limited in their statements to the press while an adjudication is pending:

> (a) A lawyer who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that the lawyer knows or reasonably should know will be disseminated by means of public communication it and will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter.
>
> (b) Notwithstanding paragraph (a), a lawyer may state:
> (1) the claim, offense or defense involved and, except when prohibited by law, the identity of the persons involved;
> (2) information contained in a public record;
> (3) that an investigation of the matter is in progress;
> (4) the scheduling or result of any step in litigation;
> (5) a request for assistance in obtaining evidence and information necessary thereto;

(6) a warning of danger concerning the behavior of a person involved, when there is reason to believe that there exists the likelihood of substantial harm to an individual or to the public interest; and

(7) in a criminal case, in addition to subparagraphs (1) through (6):

(i) the identity, residence, occupation and family status of the accused;

(ii) if the accused has not been apprehended, information necessary to aid in apprehension of that person;

(iii) the fact, time and place of arrest; and

(iv) the identity of investigating and arresting officers or agencies and the length of the investigation.

(c) Notwithstanding paragraph (a), a lawyer may make a statement that a reasonable lawyer would believe is required to protect a client from the substantial undue prejudicial effect of recent publicity not initiated by the lawyer or the lawyer's client. A statement made pursuant to this paragraph shall be limited to such information as is necessary to mitigate the recent adverse publicity.

(d) No lawyer associated in a firm or government agency with a lawyer subject to paragraph (a) shall make a statement prohibited by paragraph (a).

Kentucky Rules of the Supreme Court, Rule of Prof. Conduct (SCR) 3.130(3.6).

Summary judgment in the Hoskins & Taylor case is currently pending. In fifteen pages of the Hoskins & Taylor summary judgment response, Mr. Slosar extensively described the Anderson criminal case and made multiple arguments about it consistent with the allegations in the Anderson civil case. (*Hoskins & Taylor v. Knox Co., et al.*, No. 6:17-cv-84-REW-HAI (E.D. Ky.), DN 195 at 77-87, 191, 204-208; the pages specifically about the Dave Fox interrogation are DN 195 at 82-85, 93 ¶278, 186-187, 206). Thus, an adjudicative proceeding is pending.

Although Mr. Slosar is allowed under SCR 3.130(3.6)(c) to address the recent publicity of Mr. Baker's pardon, Mr. Slosar's statements about the KSP Defendants, the two pending federal cases, and witnesses/defendants and evidence in those cases exceeded the mitigation limitation in the Rule, and were prejudicial and misleading.

The prejudice here is heightened because Patrick Baker's investigation involved the same county, prosecutor, and some of the same Kentucky State Police detectives from the Hoskins & Taylor case and the Anderson case. Thus, potential jurors in the area are more likely to pay attention to the press coverage. It is also heightened because of the obvious media interest in criticism of the former Governor's mass pardons before leaving office, one of which was Patrick Baker's. Thus, the subject matter has more widespread appeal, as evidenced by the coverage by USA Today, the New York Times, and NPR.[4] A review of the comments on any related news story on Facebook also illustrates the prejudice and confusion resulting from the press conference. (See Exhibit 1 - collection of small sample of comments from related news stories on Facebook, including WKYT's December 17, 2019 story, which had 776 comments and 209 shares as of the December 20, 2019 screenshot).

---

[4] https://www.usatoday.com/story/news/nation/2019/12/17/gop-mega-donor-terry-forcht-urged-bevin-pardon-convicted-killer/2680548001/;

https://www.nytimes.com/2019/12/13/us/matt-bevin-kentucky-crimes.html;

https://www.npr.org/2019/12/13/787811560/on-his-way-out-kentucky-gov-matt-bevin-pardons-murderers-rapists-hundreds-more.

The statements in the press release and the press conference were also misleading. On July 10, 2019, Mr. Slosar filed a response to summary judgment motions in the Hoskins & Taylor case stating that: "Plaintiffs hereby voluntarily dismiss Defendants Brian Johnson, Dallas Eubanks, Kelly Farris, and Jason Bunch as parties in this matter." (*Hoskins & Taylor v. Knox Co., et al.*, No. 6:17-cv-84-REW-HAI (E.D. Ky.), DN 195 at pg. 118 of 230 n. 2). Despite this statement that the Plaintiffs voluntarily dismiss Det. Johnson from the Hoskins & Taylor case, Mr. Slosar's message during the press conference, and the message in the press release, was that his clients are currently pursuing claims of civil rights violations against Det. Johnson in both the Hoskins & Taylor case and the Anderson case.

Kentucky Rules of the Supreme Court, Rule of Prof. Conduct (SCR) 3.130(4.1) dictates that "[i]n the course of representing a client a lawyer: (a) shall not knowingly make a false statement of material fact or law to a third person[.]" The commentary to this Rule provides that "[m]isrepresentations can also occur by partially true but misleading statements[.]" SCR 3.130(4.1) 2009 Supreme Court Commentary, Misrepresentation.

Although no orders on the summary judgment motions have been entered, the Plaintiffs' position in the Hoskins & Taylor case is that Det. Bryan Johnson is no longer being pursued as a defendant. (*Hoskins & Taylor v. Knox Co., et al.*, No. 6:17-cv-84-REW-HAI (E.D. Ky.), DN 195 at pg. 118 of 230 n. 2). Mr. Slosar stated at the December 17, 2019 press conference that Det. Johnson is facing claims of misconduct in the Hoskins & Taylor case for framing innocent people for murder, perjury, obstruction of justice, and should

be fired. His comments indicate that Hoskins & Taylor continue to pursue these claims against Det. Johnson. In light of what has actually occurred in the Hoskins & Taylor case, this is misleading.

Although Det. Johnson is no longer being pursued as a defendant in this case, he is still a defendant in the Anderson case, and several other of the KSP Defendants, including Lt. Jackie Joseph and Det. Mark Mefford, are still being pursued as defendants in the Hoskins & Taylor case. Thus, these parties face the prejudice caused by the specific comments about Det. Johnson and about KSP and KSP officers in general.

Mr. Slosar knew or should have known of the prohibitions on his statements and their strong potential for interfering with the fair administration of justice because he was enjoined in a criminal case in Indiana in the summer of 2018 when he made similar statements there. Attached as Exhibit 2 is an order from *Indiana v. Royer*, where a state trial court found that Mr. Slosar's statements at a press conference about that case were "highly inflammatory, defamatory, inaccurately state the law…, and dr[e]w legal conclusions about matters not yet adjudicated." (Elkhart Superior Court Order at ¶11, attached hereto as Exhibit 2, available at https://www.southbendtribune.com/news/ publicsafety/elkhartjustice/elkhart-county-judge-issues-gag-order-for-lawyer-in-murder/article_b3e82bba-d7cb-5ce4-b066-ae45cb054242.html). The Court found that Mr. Slosar went "beyond simply summarizing evidence that is a matter of public record" by "characterizing '"systemic failure" and an "epidemic" in Elkhart County where people are wrongfully convicted because of police corruption, uninspiring defense counsel and an overzealous prosecutor.'" (*Id.* at ¶9, ¶11).

13

Once again, Mr. Slosar has made inflammatory and prejudicial extrajudicial statements, including discussions of the character of potential witnesses and comments on potential evidence, and has made misleading extrajudicial statements harmful to the KSP Defendants' rights.

### III. CONCLUSION: REQUEST FOR RELIEF

Thus, in an effort to remedy any prejudice, to curb any future prejudice, and to obtain relief from statements already made, the KSP Defendants ask the Court: (1) to order Mr. Slosar to issue a retraction/correction only stating that Det. Johnson is not facing claims of misconduct in the Hoskins & Taylor case because Hoskins and Taylor voluntarily dismissed him and three other Kentucky State Police officers from the case in July 2019. The KSP Defendants ask that this retraction/correction be prominently posted with/attached to/made part of the press release posted on the Loevy & Loevy website, and be circulated at a minimum to all the media outlets identified in this motion; and (2) to admonish Mr. Slosar to abide by the Kentucky Rules of the Supreme Court, Rules of Professional Conduct in any future statements, press releases, and public comments about the Hoskins & Taylor and Anderson cases.

Respectfully submitted,

/s/ Amber Arnett

Alea Amber Arnett
Department of Kentucky State Police
Legal Office
919 Versailles Road
Frankfort, KY 40601
(502) 782-2163
(502) 573-1636 facsimile
Alea.Arnett@ky.gov
*Counsel for Kentucky State Police Officers*
*in their individual capacities: Dallas*
*Eubanks, Kelly Farris, Bryan Johnson,*
*Jackie Joseph (formerly Pickrell), and Mark*
*Mefford*

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2020, I electronically filed this document with the clerk of the court by using the CM/ECF System, which will provide service to the following CM/ECF participants:

Arthur Loevy
Elliot Slosa
Jon Loevy
Michael I. Kanovitz
Amy Robinson Staples
Loevy & Loevy - IL
311 N. Aberdeen
3rd Floor
Chicago, IL 60607
312-243-5900
Fax: 312-243-5902
loevylaw@loevy.com
elliot@loevy.com
jon@loevy.com
mike@loevy.com
Amy@loevy.com
*Counsel for Plaintiffs*

John F. Kelley, Jr.
Jason E. Williams
Williams & Towe Law Group, PLLC
303 S. Main Street
P.O. Box 3199
London, KY 40743
606-877-5291
Fax: 606-877-5294
john@wftlaw.com
jason@wftlaw.com
*Counsel for Knox County, Knox County Sheriff's
Department Officers in their individual capacities:
John Pickard and Derek Eubanks, Unknown officers
from Knox County Sheriff's Department*

Alexandra Deaton DeMoss-Campbell
Licha H. Farah, Jr.
Nicole L. Antolic
Ward, Hocker & Thornton, PLLC - Lexington
333 W. Vine Street, Suite 1100
Lexington, KY 40507
859-422-6000
Fax: 859-422-6001
alexandra.demoss-campbell@whtlaw.com
lfarah@whtlaw.com
nicole.antolic@whtlaw.com
*Counsel for City of Barbourville, Kentucky, and
Barbourville Police Officer in his individual capacity: Mike Broughton*

Derrick T. Wright
Lyndol Scott Miller
Sturgill, Turner, Barker & Moloney PLLC
333 W. Vine Street, Suite 1500
Lexington, KY 40507
859-255-8581
Fax: 859-231-0851
ccole@sturgillturner.com
tosterloh@sturgillturner.com
dwright@sturgillturner.com
smiller@sturgillturner.com
*Counsel for Kentucky State Police Officers in their
individual capacities: Jason Bunch and Jason York*

Christian Matthew Feltner
Caldwell & Feltner, PLLC
P.O. Box 3073
London, KY 40743
859-391-1377
Fax: 606-672-1968
mattfeltner@msn.com
*Co-Counsel for Kentucky State Police Officers in their*
*individual capacities: Jason Bunch and Dallas Eubanks*

/s/ Amber Arnett
Alea Amber Arnett