**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION at LONDON**

**AMANDA HOSKINS**
**and JONATHAN TAYLOR**                                    **PLAINTIFFS**

v.                                    CIVIL ACTION NO. 6:17-cv-00084-REW-HAI

**KNOX COUNTY, et al.**                                    **DEFENDANTS**

---

**KENTUCKY STATE POLICE DEFENDANTS' REPLY IN SUPPORT OF**
**MOTION FOR RELIEF FROM PLAINTIFFS' COUNSEL'S EXTRAJUDICIAL**
**STATEMENTS THAT ARE PREJUDICIAL AND MISLEADING**

---

Come the Defendants, Kentucky State Police Trooper Kelly Farris, Trooper Dallas Eubanks, Trooper/Detective Bryan Johnson, Trooper/Detective Mark Mefford, and Lieutenant Jackie Joseph (formerly Pickrell), in their individual capacities ("Defendants"), in their individual capacities, by counsel, and for their reply state as follows:

1. Mr. Slosar further demonstrates his misleading statements about Det. Johnson.

Plaintiff's counsel, Mr. Slosar, argues that his comments were fair because he relied upon publicly filed documents. But the main problem with his press release and press conference comments shows that this is not true. Rather than admit that his publicly filed documents showed that after extensive discovery, he had abandoned the claims against Det. Johnson in the *Hoskins & Taylor v. Knox Co., et al.*, No. 6:17-cv-84-REW-HAI (E.D. Ky.) case, Mr. Slosar stated the exact opposite. He led anyone listening to or reading those

comments to believe that Hoskins & Taylor continued to pursue claims of misconduct against Det. Johnson.

Rather than admit this mistake and apologize, Plaintiff's counsel tries to backpedal and makes statements about the dismissal in his response that are, yet again, misleading and raise serious concerns:

> Further, although Plaintiffs voluntarily moved to dismiss Detective Johnson at the dispositive-motion stage, <u>that dismissal did not absolve Detective Johnson of the allegations of misconduct by Plaintiffs in *Hoskins*</u>.

(*Anderson v. Knox Co., et al.*, No. 6:17-cv-133-KKC (E.D. Ky.) (hereinafter "Anderson case") DN 122-1 at pg. 17 (emphasis added); *Hoskins & Taylor v. Knox Co., et al.*, No. 6:17-cv-84-REW-HAI (E.D. Ky.) (hereinafter "Hoskins case") DN 258-1 at pg. 17 (emphasis added)).

> Since the recent March 23, 2020 ruling in *Hoskins*, Plaintiffs have not had a chance to litigate the dismissed co-defendants and claims.

(Anderson case DN 122-1 at pg. 18 n.18; Hoskins case DN 258-1 at pg. 18 n.18).

> On this score, the Defendants seeking relief are Detectives Bryan Johnson, Kelly Farris, Dallas Eubanks, Mark Mefford, and Jackie Joseph. See Dckt. No. 248 at 1. Given a recent summary judgment ruling, none of these Defendants are expected to stand trial in the *Hoskins* litigation.

(Anderson case DN 122-1 at pg. 26 n. 20; Hoskins case DN 258-1 at pg. 26 n. 20).

As the plaintiff has the burden to prove the claims/allegations in his or her complaint, a voluntary dismissal of a defendant <u>does</u> absolve that defendant of the allegations made by the plaintiff. See, e.g., *Jones v. Lewis*, 874 F.2d 1125, 1134 (6th Cir. 1989). No further litigation on these allegations will occur against the dismissed

defendants. And the conclusion is not that the voluntarily-dismissed Defendants and those dismissed via summary judgment are not "expected" to stand trial, they, in fact, absolutely <u>will not</u> stand trial in the Hoskins case. Mr. Slosar's comments to the contrary are not, as he argues, political speech protected by the First Amendment, and they underscore the need for the Court to grant the relief requested. (Anderson case DN 122-1 at pgs. 18-19; Hoskins case DN 258-1 at pgs. 18-19).

Rather than recognize his actions in voluntarily dismissing Det. Johnson in the Hoskins case, Mr. Slosar uses his response here as an opportunity to make summary judgment arguments/responses about the cases. (Anderson case DN 122-1 at pgs. 17-19; Hoskins case DN 258-1 at pgs. 17-19). Mr. Slosar made no such arguments about Det. Johnson in his response to Det. Johnson's motion for summary judgment in the Hoskins case. Instead, Mr. Slosar only stated there that his clients dismissed Det. Johnson. (Hoskins case DN 195 at pg. 118 of 230 n.2 ("Plaintiffs hereby voluntarily dismiss Defendants Brian Johnson, Dallas Eubanks, Kelly Farris, and Jason Bunch as parties in this matter.")).

The Defendants deny all of those allegations and arguments in the response, and reserve their right to address them in the appropriate manner and at the appropriate time, which would be dispositive motion practice in the Anderson case since summary judgment has already been granted to all of the named Defendants in the Hoskins case, except Sgt. York. (Hoskins case DN 256, 261).

2. Mr. Slosar's discussion of the Hoskins and Anderson cases exceeded what could reasonably be necessary to mitigate.

Plaintiff's counsel also argues that his comments were taken out of context and were made in defense of and focused on the pardon of his other client, Patrick Baker. Had Plaintiff's counsel's statements been limited to those allowed by ethics rules, or even reasonably arguably allowed, about Mr. Baker's underlying criminal case, the Defendants here may not have sought relief. The Defendants tried to carefully exclude any of those statements from its Motion. Rather than restate all of the problematic comments, the Defendants refer back to their Motion. (Anderson case DN 108 at pgs. 2 - 7; Hoskins case DN 248 at pgs. 2 - 7). Plaintiff's counsel's words at the press conference and in the press release belie his assertions in his response. December 16, 2019 Loevy & Loevy press release, available at https://loevy.com/blog/why-patrick-baker-an-innocent-man-deserved-a-pardon-by-kentucky-gov-bevin/; Patrick Baker 12-17-2019 press conference, available at https://youtu.be/Uz1aCzY2Jrs.

Mr. Slosar spent extensive time discussing the Hoskins and Anderson cases, played an audio clip from the Dave Fox interrogation, which has no material connection to the Patrick Baker case, and discussed potential witnesses and evidence from these cases. (Anderson case DN 108 at pgs. 5, 6, 10; Hoskins case DN 248 at pgs. 5, 6, 10). Now Mr. Slosar argues that he only mentioned this at the press conference to establish a timeline of the investigation that led to Mr. Baker's pardon. (Anderson case DN 122-1 at pg. 13; Hoskins case DN 258-1 at pgs. 13).

But Mr. Slosar's statements at the press conference were that he provided the Hoskins case and Anderson case information to the Justice Cabinet for an investigation, but that he had nothing to do with Mr. Baker's pardon efforts:

> "<u>Significant evidence was produced from our law firm to Mr. Butler for the purposes of an investigation taking place in the Justice Cabinet and hopefully at the Kentucky State Police into whether these officers should be charged with not only violating the constitutional rights of citizens in the state but whether they should be criminally charged for committing perjury and obstruction of justice</u>. That was in March of 2018. What you'll find when you actually look at Mr. Baker's pardon application is that he didn't apply for a pardon until after that date. <u>We had nothing to do with Mr. Baker's pardon efforts</u>. And Denny Butler, as a member of the Justice Cabinet, was looking into these officers' misconduct from the Kentucky State Police before Patrick ever filed for a pardon application, before his family ever held a fundraiser. It had absolutely nothing to do with it."

(DN 122-1 at pg. 13 (emphasis added)). If Mr. Slosar's actions in providing information on the Hoskins and Anderson cases were not part of the pardon efforts at that time, then how are they part of it now?

## 3. The Defendants made no comments to the media about the cases.

Mr. Slosar also asserts that his comments were made in response to a media blitz by the Kentucky State Police and former Commissioner Richard Sanders. But the Kentucky State Police and the former Commissioner Richard Sanders are not parties to either the Hoskins case or the Anderson case. The comments by former Commissioner Richard Sanders were made after he left the Kentucky State Police and after Mr. Slosar's December 17, 2019 press conference. (Anderson case DN 122-4 at pg. 1 December 21, 2019 article ("Sanders, now the police chief of Jeffersontown, told the Courier Journal on

Wednesday…."); Hoskins case DN 258-4 at pg. 1). Those comments were limited to Mr. Baker's underlying criminal case except for Mr. Sanders' comments that the Hoskins and Anderson cases were pending and he would not comment on them, and the fact that at the time of the actions in those cases, he was not the State Police Commissioner. (*Id.* at pg. 2). None of the parties made any comments to the media or issued any press statements.

      4. <u>Making a request for an investigation does not excuse the making of misleading and prejudicial statements</u>.

      Plaintiff's counsel then argues his client has a First Amendment right to request an investigation. But he ignores the fact that there is a different standards for attorneys' statements. *Gentile v. State Bar of Nevada*, 501 U.S. 1030, 1074, 1075, 111 S.Ct. 2720, 115 L.Ed.2d 888 (1991) ("the speech of lawyers representing clients in pending cases may be regulated under a less demanding standard than that established for regulation of the press.") ("substantial likelihood of material prejudice" standard can be used in lieu of the "clear and present danger" standard). And that right does not include a right to make misleading statements or in-depth discussions of evidence to be presented at a future trial.

      5. <u>Prejudice: one of the Defendants remains in the Hoskins and Anderson cases, and three dismissed from the Hoskins case remain in the Anderson case</u>.

      Plaintiff's counsel also argues that there is no prejudice because Det. Johnson was voluntarily dismissed, and Det. Mefford and Lt. Joseph have since been dismissed from the Hoskins case via summary judgment. But at the time the statements were made, they were still parties to the case; they were and still are parties to the Anderson case. Sgt. York is still a party to both cases. In each case, Plaintiff's counsel tries to incorporate each

case into the other one. (Anderson case DN 108 at pgs. 5, 6, 10; Hoskins case DN 248 at pgs. 5, 6, 10).

Conclusion

Mr. Slosar fails to appreciate the constraints posed by the Rules of Professional Conduct and his response underscores the Defendants' concern about his making (and future propensity to make) prejudicial or misleading statements. Thus, the Defendants respectfully request that the Court grant their motion in order to remedy any prejudice, to curb any future prejudice, and to obtain relief from statements already made.

Respectfully submitted,

/s/ Amber Arnett
Alea Amber Arnett
Department of Kentucky State Police
Legal Office
919 Versailles Road
Frankfort, KY 40601
(502) 782-2163
(502) 573-1636 facsimile
Alea.Arnett@ky.gov
*Counsel for Kentucky State Police Officers in their individual capacities: Dallas Eubanks, Kelly Farris, Bryan Johnson, Jackie Joseph (formerly Pickrell), and Mark Mefford*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 13, 2020, I electronically filed this document with the clerk of the court by using the CM/ECF System, which will provide service to the following CM/ECF participants:

Arthur Loevy
Elliot Slosa
Jon Loevy
Michael I. Kanovitz
Amy Robinson Staples
Loevy & Loevy - IL
311 N. Aberdeen
3rd Floor
Chicago, IL 60607
312-243-5900
Fax: 312-243-5902
loevylaw@loevy.com
elliot@loevy.com
jon@loevy.com
mike@loevy.com
Amy@loevy.com
*Counsel for Plaintiffs*


John F. Kelley, Jr.
Jason E. Williams
Williams & Towe Law Group, PLLC
303 S. Main Street
P.O. Box 3199
London, KY 40743
606-877-5291
Fax: 606-877-5294
john@wftlaw.com
jason@wftlaw.com
*Counsel for Knox County, Knox County Sheriff's
Department Officers in their individual capacities:
John Pickard and Derek Eubanks, Unknown officers
from Knox County Sheriff's Department*

Alexandra Deaton DeMoss-Campbell
Licha H. Farah, Jr.
Nicole L. Antolic
Ward, Hocker & Thornton, PLLC - Lexington
333 W. Vine Street, Suite 1100
Lexington, KY 40507
859-422-6000
Fax: 859-422-6001
alexandra.demoss-campbell@whtlaw.com
lfarah@whtlaw.com
nicole.antolic@whtlaw.com
*Counsel for City of Barbourville, Kentucky, and*
*Barbourville Police Officer in his individual capacity: Mike Broughton*

Derrick T. Wright
Lyndol Scott Miller
Sturgill, Turner, Barker & Moloney PLLC
333 W. Vine Street, Suite 1500
Lexington, KY 40507
859-255-8581
Fax: 859-231-0851
ccole@sturgillturner.com
tosterloh@sturgillturner.com
dwright@sturgillturner.com
smiller@sturgillturner.com
*Counsel for Kentucky State Police Officers in their*
*individual capacities: Jason Bunch and Jason York*

Christian Matthew Feltner
Caldwell & Feltner, PLLC
P.O. Box 3073
London, KY 40743
859-391-1377
Fax: 606-672-1968
mattfeltner@msn.com
*Co-Counsel for Kentucky State Police Officers in their*
*individual capacities: Jason Bunch and Dallas Eubanks*

/s/ Amber Arnett
Alea Amber Arnett