UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| AMANDA HOSKINS, *et al.*, | ) ) ) | No. 6:17-CV-84-REW-HAI |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| JASON YORK, *et al.*, | ) ) | |
| Defendants. | ) ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

The Court considers Kentucky State Police Defendants' Motion for Relief from Plaintiff's Counsel's Extrajudicial Statements that are Prejudicial and Misleading. D.E. 248. Plaintiff has responded in opposition (D.E. 264), and movants have replied. D.E. 263. The undersigned has fully reviewed the motion, response, and reply. Fully ripe, the motion will be denied.

The motion criticizes statements made by Plaintiff's counsel in a press release and related press conference, contending that the statements are misleading and prejudicial. The motion, response, and reply are filled with acerbic finger-pointing and condemnation. The factual discussion is dense and includes many disputed matters that do not relate directly to this case. Ordinarily, the Court would weigh the competing versions and make factual findings necessary to resolve the motion.

Factual findings are not necessary, however, because the relief sought by the motion is both totally unsupported and unnecessary. The first form of relief sought is an order directing Plaintiff's counsel to issue a "retraction/correction," with specified content and a requirement that it be published on Plaintiff's counsel's website and circulated to various media outlets. No

authority is offered to support such relief. The relief sought strikes the Court as extraordinary in that it would mandate not only that Plaintiff's counsel speak, but dictate the content of the speech and manner of publication. The complete lack of authority supporting such an extraordinary request requires its denial. The Court notes that "[t]he primary tool for discerning actual prejudice is a searching voir dire of prospective jurors." *Foley v. Parker*, 488 F.3d 377, 387 (6th Cir. 2007).

The second form of relief sought is unnecessary. The motion seeks an order admonishing Plaintiff's counsel to abide by the Rules of Professional Conduct in future public statements about the case. By affidavit, Mr. Slosar has already agreed to be subject to the jurisdiction and Rules of the Kentucky Supreme Court governing professional conduct. D.E. 4-1 at 2. Instead of the requested admonition, the Court reminds all counsel of record that strict compliance with the Rules of Professional Conduct is required.

To further discuss the motion would be to waste judicial resources given the complete lack of any authority for the first form of relief requested. But, the Court advises that, going forward in this case, the finger-pointing and criticism contained in the motion and response serve only to undermine the presentation of the merits of the case to the Court.

Based upon the foregoing, **IT IS HEREBY ORDERED** that the Kentucky State Police Defendants' Motion for Relief from Plaintiff's Counsel's Extrajudicial Statements that are Prejudicial and Misleading (D.E. 248) is **DENIED**.

The Court enters this Order on a non-dispositive pretrial matter pursuant to 28 U.S.C. § 636(b)(1)(A) and Federal Rule of Civil Procedure 72(a). Any objection to this Order **SHALL** be asserted in accordance with Rule 72(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). Failure to make a timely objection consistent with the statute and rule may, and

normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See United States v. Wandahsega*, 924 F.3d 868, 878 (6th Cir. 2019).

This the 30th day of April, 2020.

Signed By:
*Hanly A. Ingram*
United States Magistrate Judge