UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

*Eastern District of Kentucky*
**FILED**

MAR 2 2 2022

AT LONDON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

| | | |
|---|---|---|
| AMANDA HOSKINS & JONATHAN TAYLOR, | ) ) | |
| Plaintiffs, | ) ) | No. 6:17-CV-84-REW |
| | ) | |
| v. | ) ) | JURY INSTRUCTIONS |
| JASON YORK, | ) ) | |
| Defendant. | ) ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

## Instruction # 1: Introduction

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every case.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room and the possible verdicts that you may return.

Please listen very carefully to everything I say.

1

### Instruction # 2: Jurors' Duties

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and render a verdict. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way.

## Instruction # 3: Province of the Court

Now that you have heard the evidence and the arguments, it is my duty to instruct you about the law applicable to this case.

It is your sworn duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case.

Do not single out one instruction as stating the law, but consider the instructions as a whole.

Do not be concerned about the wisdom of any rule of law stated by me. It would be a violation of your sworn duty to base a verdict upon any view of the law other than that given in the instructions of the Court, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence in the case.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts on the questions submitted to you. I am neutral.

Justice through trial by jury must always depend upon the willingness of each individual juror to seek the truth as to the facts from the same evidence presented to all the jurors and to arrive at a verdict by applying the same rules of law as given in the instructions of the Court.

## Instruction # 4: All Litigants Equal Before the Law

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. In this case, Defendant York was a Kentucky State Police Officer. Plaintiffs Hoskins and Taylor are private citizens. All parties are equal before the law. Defendant and Plaintiffs are entitled to the same fair consideration.

## Instruction # 5: No Inference from Judge's Questions

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions. Again, I am neutral.

**Instruction # 6: Evidence Defined**

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts. The lawyers' questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

During the trial, I did not let you hear the answers to some of the questions that the lawyers asked. I also ruled that you could not see some of the exhibits that the lawyers wanted you to see. And I sometimes ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

## Instruction # 7: Consideration of Evidence

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

## **Instruction # 8: Evidence Arising After 2016 Indictment Dismissal**

This case does not depend on, and you will not be asked to decide, the guilt or innocence of Plaintiffs in the murder of Katherine Mills. Rather, your role is to decide whether Defendant York had probable cause (as defined in Instruction 25) to believe that Plaintiffs committed the crime when he charged Plaintiffs from 2012 to the conclusion of his role as lead investigator. When determining whether probable cause existed, you must consider only the evidence known and available at the time of the prosecution. Proof discovered after dismissal of the state criminal indictment in 2016 is not part of the probable cause determination that you will make. You must not consider such evidence or testimony in deciding whether York had probable cause. You may, however, consider it in deciding the credibility of Plaintiffs' professions of innocence and, potentially, in evaluating issues like good faith or intent.

## **Instruction # 9: Direct and Circumstantial Evidence**

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, or say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

## **Instruction # 10: Inferences**

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses and exhibit content. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

## Instruction # 11: All Available Evidence Need Not Be Produced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters at issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence or pertinent in the case.

## Instruction # 12: Credibility of the Witnesses

Another part of your job as jurors is to decide how credible or believable each witness was. This is your job, not mine. It is up to you to decide if a witness's testimony was believable, and how much weight you think it deserves. You are free to believe everything that a witness said, or only part of it, or none of it at all. But you should act reasonably and carefully in making these decisions.

Let me suggest some things for you to consider in evaluating each witness's testimony.

Ask yourself if the witness was able to clearly see or hear the events. Sometimes even an honest witness may not have been able to see or hear what was happening and may make a mistake.

Ask yourself how good the witness's memory seemed to be. Did the witness seem able to accurately remember what happened?

Ask yourself if there was anything else that may have interfered with the witness's ability to perceive or remember the events.

Ask yourself how the witness acted while testifying. Did the witness appear honest? Or did the witness appear to be lying?

Ask yourself if the witness had any relationship to either side, or anything to gain or lose from the case, that might influence the witness's testimony. Ask yourself if the witness had any bias, or prejudice, or reason for testifying that might cause the witness to lie or to slant the testimony in favor of one side or the other.

And ask yourself how believable the witness's testimony was in light of all the other evidence. Was the witness's testimony supported or contradicted by other evidence that you found

12

believable? If you believe that a witness's testimony was contradicted by other evidence, remember that people sometimes forget things, and that even two honest people who witness the same event may not describe it exactly the same way.

These are only some of the things that you may consider in deciding how believable each witness was. You may also consider other things that you think shed some light on the witness's believability. Use your common sense and your everyday experience in dealing with other people. And then decide what testimony you believe, and how much weight you think it deserves.

## **Instruction # 13: Impeachment of Witness – Convictions**

You have heard evidence that certain witnesses may have been convicted of a crime or crimes. You may not consider that evidence as proof that such a witness had or has poor character or a propensity to act in a particular way. You may consider the evidence as proof for another purpose, if warranted, such as to show the period or location of confinement, familiarity with confinement conditions, or another reason not associated with the witness's character.

14

**Instruction # 14: Impeachment (Contradictory Evidence – Inconsistent Statements)**

You may consider the statements made by any party or witness who testified under oath before trial as evidence of the truth of what he or she said in the earlier statements, as well as in deciding what weight to give his or her testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath or acted in a manner that is inconsistent with his or her testimony here in court, you may consider the earlier statement or conduct only in deciding whether his or her testimony here in court was true and what weight to give to his or her testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

### Instruction # 15: Deposition Testimony

Ordinarily, under the rules of procedure governing the preparation of a case for trial, the parties are permitted to take and record testimony of witnesses, under oath, in the same manner as you have seen witnesses sworn and questioned here before you; and, under certain conditions, that testimony, which is called a "deposition," may then be offered as evidence before the jury at the trial.

You should consider such deposition testimony, and evaluate the weight or credibility to which it is entitled, in the same way you consider and evaluate all the other testimony in the case. In other words, you should listen to the deposition just as though the witness was here in person testifying before you.

## **Instruction # 16: Lawyer Interviewing Witness**

It is proper for a lawyer to meet with any witness in preparation for trial.

## <u>Instruction # 17: Number of Witnesses</u>

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based on the number of witnesses who testified. What is important is how believable the witnesses were, and how much weight you think the testimony of each witness deserves. Concentrate on that, not the numbers.

## Instruction # 18: Fifth Amendment to the United States Constitution

John Whitehead appeared as a witness. He asserted his right to refuse to answer questions under the Fifth Amendment to the United States Constitution. A person has this right, as a trial witness, where the answers to questions posed might incriminate the witness in future criminal proceedings. You should not make an adverse inference against John Whitehead because he asserted this constitutional right.

## <u>Instruction # 19: Opinion Witnesses</u>

You have heard the testimony of Charles Drago. He testified as an opinion witness.

You do not have to accept any witness's opinions. In deciding how much weight to give them, you should consider the witness's qualifications and how the witness reached his or her conclusions. Also consider the other factors discussed in these instructions for weighing the credibility of witnesses.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it deserves.

## Instruction # 20: Lawyers' Objections

There is one more general subject that I want to talk to you about before I begin explaining the elements of the claims alleged in this case.

The lawyers for both sides objected to some of the things that were said or done during the trial. Do not hold that against either side. The lawyers have a duty to object whenever they think that something is not permitted by the rules of evidence. Those rules are designed to make sure that both sides receive a fair trial.

And do not interpret my rulings on their objections as any indication of how I think the case should be decided. My rulings were based on the rules of evidence, not on how I feel about the case. Remember that your decision must be based only on the evidence that you saw and heard here in court.

## **Instruction # 21: Multiple Claims; Multiple Plaintiffs**

You must give separate consideration to each claim and each party in this case. Although there are two Plaintiffs, it does not follow that if one is successful, the other is too. Decide each claim and each question presented distinctly.

## Instruction # 22: Prefatory Instruction to the Claims

The Plaintiffs in this case are Amanda Hoskins and Jonathan Taylor. I will refer to them as the Plaintiffs or by their names.

The Defendant in this case is Jason York. I will refer to him as the Defendant or by his name.

Plaintiffs bring the following claims:

First, Plaintiffs claim that Defendant York violated their constitutional rights by detaining each of them under charges related to the death and robbery of Katherine Mills without probable cause.

Second, Plaintiffs also claim that Defendant York maliciously prosecuted them in violation of Kentucky Law.

Defendant York denies these claims.

Section 1983 of Title 42 of the United States Code provides a remedy for individuals who have been deprived of a constitutional right under color of state law. More simply, Section 1983 allows people to sue officers of state governments for relief if those officers, while acting in an official capacity, violate a person's constitutional rights.

I will instruct you on the elements of Plaintiffs' claims. Remember, you must independently assess and decide each Plaintiff's claims.

## **Instruction # 23: Burden of Proof**

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true. You should base your decision on all of the evidence, regardless of which party presented it.

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case, that the proposition is more probably true than not.

Unless otherwise instructed, the preponderance of the evidence standard applies to each element of each claim. Each Plaintiff has the burden of proof on each respective claim element in this case.

Where applicable, clear and convincing evidence means that you must be persuaded by the testimony and exhibits that the matter sought to be proved true is supported by evidence substantially more persuasive than a preponderance of evidence but not beyond a reasonable doubt. In other words, you must be persuaded that the truth of the matter is highly probable.

I will now instruct you on the elements of the claims or factual issues, which must be proven by a preponderance of the evidence.

## Instruction # 24: Constitutional Claim

For Plaintiffs Hoskins or Taylor to establish a claim for violation of their constitutional rights, they each, as to their own claim, have the burden to prove by a preponderance of the evidence each of the following elements:

**First**, that Defendant York deprived Plaintiffs Hoskins and ~~York~~ of their constitutional right to be free from wrongful detention. In considering this first element, the constitutional right to be free from wrongful detention is defined in Instruction No. 25.

**Second,** that Defendant York was acting under color of state law. Because Defendant York was a Kentucky State Police Detective at the time of the acts in question, he was acting under color of state law as required by the second element. Therefore, the second element is satisfied and need not be further considered by you.

**Third,** that Defendant York's acts were the proximate cause of damages sustained by Plaintiffs Hoskins and Taylor. In considering this element, the proximate cause of damages is further defined by Instruction No. 27.

25

## Instruction # 25:  First Claim: Wrongful Detention

Plaintiffs Hoskins and Taylor claim that Defendant York violated their constitutional rights by causing their wrongful detention, that is detention without probable cause.

To succeed on this claim, Plaintiffs must prove each of the following things by a preponderance of the evidence:

**First,** that a criminal prosecution was initiated against Plaintiffs Hoskins and Taylor, and that Defendant York made, influenced, or participated in the decision to prosecute. This element has been established in this case.

**Second,** that there was a lack of probable cause for the criminal prosecution during York's period as lead investigator.

**Third,** that Plaintiffs suffered a deprivation of liberty. This element has been established in this case.

**Fourth,** that the criminal proceeding was resolved in Plaintiff's favor. This element has been established in this case.

*Probable Cause*

"Probable cause" existed for the criminal prosecution if, based on the evidence known at the time, a reasonable person would have believed that the Plaintiffs committed the crime that was charged. Probable cause generally depends upon a reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the detention. Given this standard, it does not matter, to probable cause, whether the Defendant subjectively believed he had probable cause for an arrest or prosecution.

The probable cause consideration is based upon the totality of the circumstances and must assess both the inculpatory and exculpatory evidence. This means that an officer cannot simply

turn a blind eye toward evidence favorable to the accused nor ignore information that becomes available in the course of the investigation. The officer, however, is not required to look for evidence to exculpate the suspect. The officer also is under no obligation to give credence to the suspect's explanation and has no duty to investigate further once probable cause is established.

In your deliberations regarding probable cause, you are further instructed that probable cause is a different concept than guilt. The government must prove guilt beyond a reasonable doubt in a criminal case. Probable cause involves a commonsense evaluation of the whole picture before the officer. It requires only a fair probability or substantial chance of the charged criminal activity by a person suspected, not an actual showing of such activity. Probable cause is not a high bar. However, if you believe that Defendant York fabricated or falsified any of the information he accumulated in the investigation, such information cannot be considered by you as proof in support of probable cause.

* * * * *

If you find from your consideration of all the evidence that Plaintiff Hoskins or Plaintiff Taylor (or both, if applicable) has proven each contested element against Defendant York, then your verdict should be for such Plaintiff on this claim, and you should go on to consider the question of damages.

## Instruction # 26: Second Claim: State-Law Malicious Prosecution

Plaintiffs Hoskins and Taylor claim that Defendant York violated their state rights against detention without probable cause.

To succeed on this claim, Plaintiffs must prove each of the following things by a preponderance of the evidence:

**First,** that Defendant York initiated, continued, or procured a criminal proceeding against the Plaintiffs. This element has been established in this case.

**Second,** that there was not probable cause for the criminal proceeding during York's period as lead investigator.

**Third,** that the defendant acted with malice.

**Fourth,** that the criminal proceeding terminated in the Plaintiffs' favor. This element has been established in this case.

**Fifth**, that the Plaintiffs suffered damages as a result of the proceeding.

I will now define some of the terms that I have just used.

"Probable cause" has the same definition here as it did in Instruction 25.

A defendant acts with "malice" in commencing or continuing a criminal prosecution if he acts to achieve a purpose other than bringing an offender to justice. You may infer that a person acts with malice if the absence of probable cause is proven or the circumstances are inconsistent with actions made in good faith.

\* \* \* \* \*

If you find from your consideration of all the evidence that Plaintiff Hoskins or Plaintiff Taylor (or both, if applicable) has proven each contested element against Defendant York, then

28

your verdict should be for such Plaintiff on this claim, and you should go on to consider the question of damages.

## **Instruction # 27: Proximate Cause**

Plaintiffs must prove that the Defendant's actions were a proximate cause of any injuries or damages suffered. Injury or damage is proximately caused by an act or failure to act whenever it appears from the evidence that the act or the omission played a substantial part in bringing about or actually causing the injury or damage to a plaintiff, and that such plaintiff's injury or damage was either a direct result or a reasonably foreseeable or probable consequence of the act or omission.

Thus, when a defendant initiates a chain of events, that defendant will be liable for the result of that chain of events if that result was a reasonably foreseeable consequence of his or her act or omission.

More than one person may be to blame for causing an injury. Plaintiffs are not required to prove that the actions or failures to act by Defendant York was the sole reason that Plaintiffs suffered injury. It is not a defense that some third person, who is not a party in this case, may also have been to blame.

### Instruction # 28: Damages—Generally

Plaintiffs are requesting compensatory damages and punitive damages against Defendant York.

If you find in favor of Plaintiff Hoskins and/or Plaintiff Taylor against Defendant York, then you will go on to consider the question of damages for that Plaintiff.

If you find in favor of Defendant York on either Plaintiff's claims, then you will not consider the question of damages for that Plaintiff.

You should not interpret the fact that I am giving instructions about damages as an indication in any way that I believe that either Plaintiff Hoskins or Plaintiff Taylor should, or should not, win this case. It is your task first to decide whether Defendant York is liable. I am instructing you on damages only so that you will have guidance in the event you decide that Defendant York is liable to either or both Plaintiff Hoskins and Plaintiff Taylor and that either or both are entitled to recover damages from Defendant York.

## Instruction # 29: Compensatory Damages – Proof

This instruction applies to each Plaintiff you determine York is liable to for a claim. Reference to a singular Plaintiff just means that it applies to each Plaintiff you find may be entitled to damages. You must individually consider any award to each such Plaintiff.

If you find in Plaintiff's favor on any of his or her claims, you will be asked to assess what damages, if any, resulted from the conduct of York relative to such claim(s). Plaintiff has the burden of proving his or her own damages, with respect to each and every claim, by a preponderance of the evidence. Damages means the amount of money, if any, that you find reasonably and fairly compensates the Plaintiff for any injury that you may find was caused by Defendant.

In determining the measure of compensatory damages, you should consider: the nature and extent of the injuries, the mental, physical, and emotional pain and suffering experienced; embarrassment or humiliation, and loss of enjoyment of life (i.e. Plaintiff's alleged loss of the ability to enjoy certain aspects of life as a result of York's alleged actions). You must award Plaintiff an amount that will fairly compensate for any injury actually sustained as a result of York's conduct. The damages that you award must be fair compensation, not more and not less. Plaintiff has the burden of proving damages, and that York caused his or her damages, by a preponderance of the evidence.

Finally in assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

## Instruction # 30: Punitive Damages

In addition to compensatory damages, the law permits the jury under certain circumstances to award the injured person punitive damages in order to punish the defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct. The purpose of punitive damages is to punish and deter, not to compensate. You are not required to award punitive damages. If you do decide to award punitive damages, you must use sound reason in setting the amount. Your award of punitive damages must not reflect bias, prejudice, or sympathy toward or against any party. It must also be presumed that Plaintiffs Hoskins and Taylor have been made whole by any compensatory damages, so punitive damages should be awarded only if Defendant York's misconduct was so extraordinary as to warrant the imposition of further sanctions to achieve punishment or deterrence.

For the constitutional claim, Plaintiffs Hoskins and Taylor have the burden of proving by a preponderance of the evidence that punitive damages should be awarded and the amount. For the constitutional claim, you may award punitive damages only if you find that Defendant York's conduct was malicious, or in reckless disregard to the rights of Taylor and Hoskins. Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another Conduct is in reckless disregard of a person's rights if, under the circumstances, it reflects complete indifference to the safety and rights of others.

Even if you find that Defendant York's conduct was malicious under the definition of punitive damages or in reckless disregard to the rights of Taylor or Hoskins, you are not required to award punitive damages; that is entirely up to you and within your discretion. The issue of malice for punitive damages is also separate from Plaintiffs' malicious prosecution claims. You

are not required to award punitive damages even if you found in favor of one or both Plaintiffs on a malicious prosecution claim.

If you decide to award punitive damages for the constitutional claims, the following factors should guide you in fixing the proper amount:

(1) The reprehensibility of Defendant York's conduct; and

(2) The ratio between the punitive damages you are considering awarding and the amount of harm that was suffered by Plaintiffs Taylor and Hoskins.

For the Kentucky malicious prosecution claims, you may, but are not required to, award punitive damages if Plaintiffs Hoskins and Taylor prove by clear and convincing evidence that Defendant York acted with malice or gross negligence. As defined by Kentucky law, "malice" means conduct specifically intended to cause tangible or intangible injury, and gross negligence means wanton or reckless disregard for the rights of others.

Again, the issue of malice for punitive damages is separate from Plaintiffs' malicious prosecution claims. You are not required to award punitive damages even if you found in favor of one or both Plaintiffs on a malicious prosecution claim. If you decide to award punitive damages for the Kentucky claims, you should consider the following factors:

(1) The likelihood at the relevant time that serious harm would arise from Defendant York's actions;

(2) The degree of Defendant York's awareness of that likelihood;

(3) Whether Defendant York profited from his actions

(4) The duration of Defendant York's actions and any concealment of it by him; and

(5) Any actions by defendant York to remedy any misconduct once it became known to him.

## <u>Instruction # 31: Introduction (Deliberations)</u>

That concludes the part of my instructions explaining the rules for considering the evidence and claims in the case. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

The first thing that you should do in the jury room is choose someone to be your foreperson. This person will help to guide your discussions, and will speak for you here in court.

Once you start deliberating, do not talk to the Court Security Officers (CSOs), or to me, or to anyone else except each other about the case. If you have a question or message, you must write it down on a piece of paper, have the foreperson sign it, fold the piece of paper such that no writing is outwardly visible, and then give it to the CSO. Typically, any questions or messages should be signed by and passed to the CSO through your foreperson. The CSO, without reading the note, will then give it to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you.

A copy of all paper or electronic exhibits that were admitted in evidence will be provided to you. You will have a dedicated viewer for examining admitted electronic evidence. Physical exhibits or evidence, if any, will be available for you to view, and you may ask to see any of that evidence at any time. If you have questions about how to access an exhibit or wish to view an exhibit not provided to you, alert the Court through a CSO using the procedure outlined above.

One more thing about messages. Do not ever write down or tell anyone, including me, how you stand on your votes. For example, do not write down or tell anyone that you are split 8-2, or 5-5, or whatever your vote happens to be. That should stay secret until you are finished.

### Instruction # 32: Verdict Form

Jury Verdict Forms have been prepared for your convenience. You will take these forms to the jury room and, when you have reached unanimous agreement as to your verdict, you will have your foreperson fill in, date, and sign the forms, which set forth the findings and verdicts upon which you unanimously agree. The foreperson will answer each question "Yes" or "No," or otherwise provide your decisions, until you have answered all questions that relate to each claim. After you have answered all questions and the foreperson has completed the verdict forms, you will then return to the courtroom.

Nothing said in these instructions and nothing in any of the Jury Verdict Forms prepared for your convenience is meant to suggest or convey in any way or manner any intimation as to what verdict I think you should find. What the verdict shall be is your sole and exclusive duty and responsibility.

## Instruction # 33: Unanimous Verdict – Duty to Deliberate

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree. Your verdicts, as well as answers to any questions posed, must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgments. You must decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to re-examine your own views and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges – judges of the facts. Your sole interest is to seek and decide the truth, fairly, from the evidence in the case.

## **Instruction # 34: Juror Conduct**

Remember that you must make your decision based only on the evidence that you saw and heard here in court. That is part of your solemn oath.

During your deliberations, you must not communicate with or provide any information to anyone outside of the jury by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, or computer, the Internet, any Internet service, or any text or instant messaging service, any Internet chat room, blog, app, or website such as Facebook, LinkedIn, YouTube, Twitter, Instagram, or Snapchat to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict. In other words, you cannot talk to anyone on the phone, correspond with anyone, or electronically communicate with anyone about this case. You can only discuss the case in the jury room with your fellow jurors during deliberations. You must inform me if you become aware of another juror's violation of these instructions.

You may not use these electronic means to investigate or communicate about the case because it is required by law and by your oath that you decide this case based solely on the evidence presented in this courtroom. Information on the Internet or available through social media might be wrong, incomplete, or inaccurate. You are only permitted to discuss the case with your fellow jurors during deliberations because they have seen and heard the same evidence you have. In our judicial system, it is imperative that you not be influenced by anything or anyone outside of this courtroom. Otherwise, your decision may be based on information known only by you and not your fellow jurors or the parties in the case. This would unfairly and adversely impact the judicial process. A violation could force a retrial and subject a violating juror to sanctions, including contempt of court.

Further, all deliberations must occur in the jury room with all jurors present. If any juror leaves the room for a break or other reason, suspend deliberations until the full group has reassembled.

## Instruction # 35: Experiments, Research, and Investigation

Do not try to gather any information about the case on your own while you are deliberating.

For example, do not conduct any experiments inside or outside the jury room; do not bring any books, like a dictionary, or anything else with you to help you with your deliberations; do not conduct any independent research, reading or investigation about the case; and do not visit any of the places that were mentioned during the trial.

Make your decision based only on the evidence that you saw and heard here in court.

## **Instruction # 36: Juror Notes**

Remember that if you elected to take notes during the trial, your notes should be used only as memory aids. You should not give your notes greater weight than your independent recollection of the evidence. You should rely upon your own independent recollection of the evidence or lack of evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impression of each juror.

Whether you took notes or not, each of you must form and express your own opinion as to the facts of the case. I allowed you to take notes during the parties' opening statements and closing arguments. As I told you before, the lawyers' statements and arguments are not evidence. The same is true for your notes based on those statements and arguments. Your decision should be based only my instructions on the law, the evidence, as I have defined it, and nothing else.

## Instruction # 37: Court Has No Opinion

Now, let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves the questions posed in these instructions. The Court is wholly neutral.

\*\*\*

**(That concludes my instructions.)**